# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| KalshiEX LLC, *et al.*,<br><br>       Plaintiffs-Appellants,<br><br>v.<br><br>Jackie Johnson, *et al.*,<br><br>       Defendants-Appellees. | No. 26-2978<br><br>**JOINT MOTION TO STAY BRIEFING SCHEDULE [RELIEF REQUESTED BY JUNE 1, 2026]** |

Pursuant to Federal Rule of Appellate Procedure 27 and Ninth Circuit Rules 27-1 and 31-2.2(a), Plaintiff-Appellant KalshiEX LLC ("Kalshi") and Defendants-Appellees jointly move this Court for a stay of the briefing schedule in this appeal pending the issuance of a decision in *KalshiEX, LLC v. Assad, et al.*, No. 25-7516 ("*Assad*"); *North American Derivatives Exchange, Inc. v. Nevada, et al.*, No. 25-7187 ("*Crypto*"); and *Robinhood Derivatives, LLC v. Dreitzer, et al.*, No. 25-7831 ("*Robinhood*"). A panel of this Court heard consolidated oral argument in *Assad*, *Crypto*, and *Robinhood* on April 16, 2026. This Court's resolution of these cases could bear on the questions at issue in this appeal, and a stay pending resolution of these cases will therefore help the parties prepare briefs that will be most useful to the Court. Kalshi's opening brief is currently due on June 8, 2026. Dkt. No. 2. The parties respectfully request that the deadline for Kalshi's opening brief be stayed to

1

30 days following this Court's decision in *Assad*, *Crypto*, and *Robinhood*, with the remaining briefs due on the schedule set in Ninth Circuit Rule 3-3(b).

## BACKGROUND

1.  Kalshi is a Designated Contract Market ("DCM") that offers event contracts based on many types of underlying events, including political events, weather events, entertainment events, and sports events.  On May 21, 2025, the Arizona Department of Gaming sent Kalshi a cease-and-desist letter contending that Kalshi was unlawfully offering "event wagering" without "licensure and compliance with Arizona statutes and regulations."  D. Ct. Dkt. No. 1-2.  On March 12, 2026, Kalshi brought this suit against Defendants Jackie Johnson, the Director of the Arizona Department of Gaming, and Kristin Mayes, the Attorney General of Arizona, in the U.S. District Court for the District of Arizona.  D. Ct. Dkt. No. 1 at ¶¶ 24-27.  Kalshi argued that the Commodity Exchange Act ("CEA") preempts the application of state law as applied to the regulation of trading on DCMs like Kalshi.

On March 16, 2026, Kalshi sought a preliminary injunction and temporary restraining order.  D. Ct. Dkt. No. 11.  That same day, Defendants filed a criminal information against Kalshi in Arizona state court.  *See Arizona v. KalshiEX LLC, et al.*, Nos. CR2026-173-001 & CR2026-173-002 (Ariz. Super. Ct. Mar. 16, 2026).

On April 2, 2026, the Commodity Futures Trading Commission ("CFTC") and United States (together, "Federal Plaintiffs") filed a lawsuit in the U.S. District Court

2

for the District of Arizona seeking to enjoin Arizona regulators from enforcing "state laws pertaining to gambling or wagering" against "CFTC-Designated" exchanges like Kalshi.  Compl. at 30-31, *United States v. Arizona, et al.*, No. 2:26-cv-2246 (D. Ariz. Apr. 2, 2026).  The Federal Plaintiffs contended that the CEA preempts state regulation of trading on DCMs like Kalshi.  Later that day, the district court consolidated Kalshi's case with the Federal Plaintiffs' case.  D. Ct. Dkt. No. 37.

The district court denied Kalshi a preliminary injunction.  The court declined to abstain under *Younger v. Harris*, 401 U.S. 37 (1971), concluding that the "presence of" the Federal Plaintiffs in this litigation "forecloses *Younger* abstention." D. Ct. Dkt. No. 51 at 7.  But the court concluded that the relief Kalshi sought was prohibited by the Anti-Injunction Act ("AIA"), which provides that a federal court may not "grant an injunction to stay proceedings in a State court" except where "authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  The court did not reach the merits of Kalshi's preemption argument.  Kalshi appealed the district court's order.

The district court subsequently granted a preliminary injunction to the Federal Plaintiffs.  D. Ct. Dkt. Nos. 65, 96.  The court concluded that neither *Younger* abstention nor the AIA bar relief sought by the federal government and that the Federal Plaintiffs were likely to prevail on the merits of their preemption argument. As a result of the injunction granted to the Federal Plaintiffs, the criminal case

3

against Kalshi in Arizona state court has been preliminarily enjoined. Arizona's deadline for filing a notice of appeal of the preliminary injunction is July 6, 2026.

2. Kalshi's appeal of the district court's order denying a preliminary injunction raises issues that are related to issues presented in other appeals already pending in this Court. Kalshi brought a similar preemption suit against Nevada regulators in March 2025. *See KalshiEX LLC v. Hendrick*, No. 2:25-cv-575 (D. Nev.). The U.S. District Court for the District of Nevada granted Kalshi a preliminary injunction in April 2025, but dissolved that injunction in November 2025. Kalshi appealed the order dissolving the injunction to this Court. *See Assad*, No. 25-7516. That appeal was consolidated for purposes of oral argument with two other appeals raising similar questions. *See Crypto*, No. 25-7187; *Robinhood*, No. 25-7831. A panel of this Court heard oral argument in the consolidated cases on April 16, 2026.

## ARGUMENT

The parties respectfully request that this Court stay the briefing schedule in Kalshi's appeal pending this Court's resolution of the appeals in *Assad*, *Crypto*, and *Robinhood*. These cases present the question whether the CEA's grant of exclusive jurisdiction to the CFTC preempts the application of state gambling laws to event contracts on DCMs. This Court's resolution of that question may bear directly on this appeal, which presents a similar preemption question as well as additional

4

threshold questions related to the AIA.  Staying the briefing in this appeal pending the outcome of *Assad* and the related cases will ensure that the parties' briefing in this appeal is informed by this Court's decision on the preemption question, maximizing judicial economy and avoiding repetitive briefing.  The parties therefore respectfully request that the deadline for Kalshi's opening brief be stayed until 30 days following this Court's decision in *Assad* and the related cases (or pending this Court's resolution of any of these three appeals if the appeals are not all resolved simultaneously).  The parties further request that the briefing schedule for the remaining briefs proceed on the schedule set in Ninth Circuit Rule 3-3(b).

In the event Defendants elect to appeal the district court's grant of a preliminary injunction to the Federal Plaintiffs, the parties expect to request that this Court modify or institute a coordinated briefing schedule that will allow the parties and the Court to efficiently address the issues of both that appeal and this one.

## CONCLUSION

For the foregoing reasons, the Court should stay the briefing schedule in this case such that Kalshi's opening brief is due 30 days following this Court's resolution of *Assad*, *Crypto*, and *Robinhood*.

Dated: May 27, 2026                          Respectfully submitted,

/s/ *Alexander W. Samuels*                    /s/ *Neal Kumar Katyal*
Alexander W. Samuels                         Neal Kumar Katyal
OFFICE OF THE ARIZONA ATTORNEY               MILBANK LLP
   GENERAL                     1101 New York Ave. NW
2005 N. Central Ave.                         Washington, DC 20005
Phoenix, AZ 85004                            Telephone: (202) 835-7505
Telephone: (602) 542-3333                    nkatyal@milbank.com
alexander.samuels@azag.gov

*Counsel for Defendants-Appellees*            *Counsel for Plaintiff-Appellant*
*Jackie Johnson and Kristin Mayes*            *KalshiEX LLC*

6

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(2)(A) and Circuit Rule 32-2(b) because it contains 1,082 words, excluding the items exempted by Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f).

This motion complies with the typeface and typestyle requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Office Word for Office 365 in 14-point Times New Roman font.

May 27, 2026                                    */s/ Neal Kumar Katyal*
                                                Neal Kumar Katyal

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using ACMS on May 27, 2026.

I certify that all participants in the case are registered ACMS users and that service will be accomplished by ACMS.


May 27, 2026                                      */s/ Neal Kumar Katyal*
                                                 Neal Kumar Katyal